NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0474n.06

Case No. 12-3660

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*May 13, 2013*
DEBORAH S. HUNT, Clerk

CYNTHIA RIDLEY-COLEMAN,                )
                                       )
            Petitioner,                )       PETITION FOR REVIEW OF
                                       )       AN ORDER OF THE BOARD
            v.                         )       OF IMMIGRATION APPEALS
                                       )
ERIC H. HOLDER, JR., Attorney General, )
                                       )
            Respondent.                )
_____        )

BEFORE:  BATCHELDER, Chief Judge; GUY and BOGGS, Circuit Judges.

ALICE M. BATCHELDER, Chief Judge.  Cynthia Ridley-Coleman, a native and citizen of Ghana, seeks review of the decision by the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ's) denial of her application for adjustment of status, which was filed pursuant to § 245(a) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1255(a).  We DENY the petition.

Under INA § 245(a), 8 U.S.C. § 1255(a), the Attorney General may adjust the status of an alien to that of a permanent resident under certain conditions, the first of which is that the alien was "inspected and admitted . . . into the United States." *See Cika v. Holder*, 344 F. App'x 208, 216 (6th Cir. 2009) (emphasizing that "the provision in the INA allowing for adjustment of status applies only to aliens who were inspected and admitted or paroled into the United States" (internal quotation marks omitted)); *Ni v. I.N.S.*, 54 F. App'x 212, 218 (6th Cir. 2002) (labeling this requirement a "condition[] precedent").  The alien bears the burden of proving that he or she was inspected and

admitted into the United States. *See Lockhart v. Napolitano*, 573 F.3d 251, 254-55 (6th Cir. 2009) (holding that, under § 1255, "the alien must prove statutory eligibility for the adjustment"); *see also* 8 U.S.C. § 1229a(c)(4)(A)(i) (requiring that "[a]n alien applying for relief or protection from removal has the burden of proof to establish that the alien . . . satisfies the applicable eligibility requirements").

According to Ridley-Coleman's passport, she entered the United States through St. Paul, Minnesota, on March 8, 2000; she then returned to Ghana, disembarking there on June 20, 2000; and she obtained a new five-year visa on June 7, 2002. Her passport contains no record of any entry into the United States after that, but she is currently present in the United States and has been since at least May 28, 2004, when she was arrested in Ohio. According to an I-213 form prepared by an Immigration Control and Enforcement (ICE) officer on June 2, 2004, Ridley-Coleman claimed at that time to have last entered the United States on or about July 31, 2002, through New York City. Consequently, the record evidence suggests that Ridley-Coleman's last entry into the United States occurred sometime after June 20, 2000, without inspection or admission.

Ridley-Coleman testified that she last entered the United States through St. Paul, Minnesota, on March 8, 2000, at which time she was inspected and admitted, and that she has not departed since then. She testified that she did not return to Ghana on June 20, 2000, and did not know how that stamp got into her passport. She testified that, in May 2002, she mailed her passport back to Ghana to have her visa renewed and that she received it back through the mail, with the June 2002 visa, about one month later. She testified that because this was only a visa renewal, her physical presence in Ghana was not required. She speculated that the June 20, 2000, stamp might have been entered

2

into her passport at that time, perhaps by someone who believed that it would ease the acquisition of the visa. She did not provide any corroborating evidence. The government contested this story by citing documentary evidence of current practices, which require that an applicant must be present in Ghana to obtain a visa to the United States from the consulate there. Ridley-Coleman argued that practices were different in 2002, but she did not produce any evidence to corroborate that argument. Ridley-Coleman testified that she did not recall telling the ICE officer that she had entered the United States through New York City on July 31, 2002, but could offer no explanation as to why the officer would have recorded that falsely. When all of the evidence is considered, her self-serving and uncorroborated testimony is insufficient to overcome the documented record evidence.

Ridley-Coleman has not met her burden of proving that she was inspected and admitted upon her last entry into the United States. Consequently, she is not eligible for adjustment of status and the BIA and IJ were correct to deny her application. We **DENY** the petition for review.